Mark D. Samson, SBN 011076
KELLER ROHRBACK, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona  85012-2600
Telephone: (602) 248-0088
Facsimile:  (602) 248-2822
msamson@krplc.com

T. David Copley, SBN 009952
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington  98101
Telephone: (206) 623-1900
Facsimile:  (206) 623-3384
dcopley@kellerrohrback.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| DILAWAR KHAN, VOLENA GLOVER-HALE, and MANUEL MONTOYA, on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTOZONERS, LLC, a Nevada Limited Liability Company, and AUTOZONE, INC., a Nevada Corporation,<br><br>Defendants. | Case No.<br><br>**COMPLAINT**<br><br>(Tort – Non-Motor Vehicle)<br><br>***(Jury Trial Demanded)*** |

Plaintiffs Dilawar Khan ("Khan"), Volena Glover-Hale ("Glover"), and Manuel

Montoya ("Montoya") (collectively "Plaintiffs"), on behalf of themselves and all other

similarly situated employees of Defendants AutoZoners, LLC and AutoZone, Inc.

1

("AutoZone"), allege the following Complaint pursuant to 29 U.S.C. § 201 *et seq.,* the Fair Labor Standards Act ("FLSA"):

## Parties

1. AutoZoners, LLC is a Nevada Limited Liability Company conducting business in the District of Arizona.

2. AutoZone, Inc. is a Nevada Corporation conducting business in the District of Arizona. As of August 29, 2009, AutoZone operated approximately 4,229 auto parts stores in the United States and Puerto Rico.

3. Khan currently resides in Raleigh, North Carolina. At all times material, Khan was employed by AutoZone in North Carolina and New York.

4. Glover currently resides in Upper Marlboro, Maryland. At all times material, Glover was employed by AutoZone in Maryland and Washington D.C.

5. Montoya currently resides in Mesa, Arizona. At all times material, Montoya was employed by AutoZone in California and Arizona.

## Jurisdiction and Venue

6. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as it arises under the laws of the United States.

7. AutoZone is subject to personal jurisdiction in this District as it regularly does business in the state of Arizona through its Arizona retail outlets.

8. Venue is proper in this District pursuant to 28 U.S.C. §1391(c) as the defendant is a corporation whose contacts with the State of Arizona, as alleged above, are sufficient to establish personal jurisdiction over it in Arizona.

**Violation of the Fair Labor Standards Act**

9. In this action, Plaintiffs and all similarly situated current and former employees of AutoZone seek to recover unpaid overtime compensation and other benefits of employment to which they are entitled under FLSA. For at least three years prior to filing this Complaint, AutoZone has improperly classified its "store managers" as exempt, thereby denying them compensation for hours worked in excess of 40 per work week.

10. Khan was hired by AutoZone as a Parts Sales Manager in 2000, and was promoted to Assistant Manager in approximately 2002. He worked as an Assistant Manager at three different stores in the Raleigh, North Carolina area (#2461, #0444, #463.) As a Parts Sales Manager and an Assistant Manager, Khan was classified as non-exempt and paid on an hourly basis, including overtime.

11. Khan was promoted to Store Manager in 2003, and was moved to another store in Raleigh (#428.) From 2004-2005, AutoZone moved Khan to two other stores in the Raleigh area (#0444, #276.)

12. While at store #276, Khan became a mentor for AutoZone's Mentor Program, in addition to working as a Store Manager.

13. Khan was promoted to District Manager in approximately 2006, and relocated to New York City. After less than a year as a District Manager, Khan advised AutoZone that it was too difficult being away from his family, and he requested a transfer back to North Carolina. Khan was told by AutoZone that there were no District Manager positions available in North Carolina, so he took a job as a Store Manager in

Henderson, North Carolina (#2483.)  Shortly thereafter, AutoZone again moved Khan to a store in Raleigh (#1085.)

14. From 2007-2009, Khan was transferred to three different AutoZone stores, all located in the Raleigh area (#0898, #1085, #0444.)  In early 2009, AutoZone asked Khan to move to a store in Washington D.C., but Khan did not want to move his family so he terminated his employment in May 2009.

15. Over the course of his employment with AutoZone, Khan received numerous awards, including Manager of the Year, President's Club Award, Extra Mile Award, and Best Store Team of the Year.

16. As a Store Manager, Khan was classified as exempt and deprived of overtime compensation.  He was "scheduled" for a minimum of 50 hours per week, and regularly worked more than 60 hours per week, seven days per week.

17. Glover was hired by AutoZone as a Parts Sales Manager in October 1999. She worked at the Ladenburg, Maryland (#1844) store until March 2000, when she was promoted to Assistant Manager and moved to a store in Washington D.C. (#5236.)  As a Parts Sales Manager Glover was classified as non-exempt and paid on an hourly basis, including overtime.

18. Glover was promoted to Store Manager shortly after moving to the store in Washington D.C.  From 2002 to 2004, Glover worked at three different locations as a Store Manager (#1899, #2128, #1834.)  Glover is currently the Store Manager at the Temper Hills, Maryland store (#1834).

19. As a Store Manager, Glover was classified as exempt and deprived of overtime compensation. She was "scheduled" for a minimum of 50 hours per week, and consistently worked more than 55 hours per week, six to seven days per week.

20. In 1990, Montoya was hired by Chief Auto Parts in California as a counter clerk. He later became an Assistant Manager and was promoted to Store Manager in approximately 1996.

21. AutoZone acquired Chief Auto Parts in 1998 and Montoya stayed on with the company, working at store #5618 in Ontario, California.

22. In 1999, AutoZone moved Montoya to a store in Rancho Cucamonga, California (#5622,) and in 2000 he was moved to store #2875 in San Bernardino, California.

23. Montoya worked at store #2875 until 2004 when he moved to Arizona. Montoya worked in store #2752 in South Phoenix for a few months, and AutoZone moved him to a new store in Gilbert, Arizona (#2731) in 2005.

24. In approximately 2006, Montoya was moved to store #2776 in Mesa, Arizona, and was promoted to Territory Manager in the Phoenix metro area. As a Territory Manager, Montoya was responsible for outside sales to AutoZone's commercial accounts, and shared duties with the District Managers in the Commercial Sales Department.

25. In 2008, Montoya went back to store management and worked at two AutoZone stores in the Phoenix metro area (#2747, #2790) until April 1, 2010.

26. As a Store Manager, Montoya was classified as exempt and deprived of overtime compensation. He was "scheduled" for a minimum of 50 hours per week, and consistently worked more than 60 hours per week, six days per week.

27. As the Store Manager, Plaintiffs' job duties involved minimal managerial job tasks. Most of their job tasks were the same as those of non-exempt employees (including the Parts Sales Manager and Assistant Manager). These non-management job tasks included entering orders into AutoZone's computer system, entering product shipments into AutoZone's computer system, stocking merchandise, arranging product in the store pursuant to AutoZone's detailed plan-o-grams, operating the cash register, opening and/or closing the store, and serving customers.

28. Plaintiffs spent minimal time as a Store Manager doing things that involved management. On average, they spent no more than one hour a day (less than 10% of their total working hours) using AutoZone's computer system to schedule other workers, visiting customers with the Commercial Accounts Manager, and otherwise "managing" the store. AutoZone stores were intentionally understaffed, which required Store Managers to pick up the slack, basically working as a full-time sales clerk in addition to whatever "management" tasks were required by AutoZone.

29. Plaintiffs were closely monitored and supervised by their bosses (District Managers.) Everyday, Plaintiffs' District Managers called them to discuss in detail the previous day's sales and operations, giving specific instructions regarding what needed to be accomplished in the store that day (for example, setting up a new display, meeting sales goals for specific items, staff assignments, etc.).

30. Plaintiffs were required to attend early morning conference calls several days per week, often five days per week, with their District Managers. Plaintiffs' District Managers (and sometimes the Regional Managers) also personally visited their stores several times a month.

31. The AutoZone computer system is connected to headquarters in "real time," so Plaintiffs' bosses and other AutoZone executives are able to monitor sales and other activities in the stores as they occur.

32. In addition, AutoZone installed closed-circuit cameras in Plaintiffs' stores so that AutoZone executives can monitor, on a minute-by-minute basis, the actions of Plaintiffs and other AutoZone employees in the stores.

33. As a District Manager, Khan's job was to supervise the 10 store managers in his district. Specifically, Khan was required to visit his stores and check for compliance with AutoZone's policies, for example that the store manager had properly stocked merchandise per the detailed plan-o-grams, that the store was clean, that the store manager was keeping on top of staffing and the allotted payroll budget, that the store manager was focusing on customer service, and pushing product add-ons. Khan was required to write-up store managers who did not meet AutoZone's expectations, which occurred often. As a District Manager, it was Khan's job to interview and approve the hiring or firing of all staff and managerial positions in his stores, as well as approve all employee transfers and payroll adjustments. In addition, Khan was required to get all staffing changes approved by his Regional Manager and Human Resources Manager.

34. Plaintiffs believe and allege that AutoZone currently classifies its Store Managers in California, who have the same duties and job title as Plaintiffs and members of the collective action alleged herein, as non-exempt and pays its California Store Managers hourly wages, including overtime for hours in excess of 40 per week. This classification may be related to a previous lawsuit in California and the settlement thereof. There is no rational basis for AutoZone to classify Store Managers in California as non-exempt and to classify Store Managers in the rest of America as exempt. AutoZone's inconsistent classification of Store Managers, among other proof, indicates AutoZone's willful violation of FLSA.

35. With the apparent exception of Store Managers in California, AutoZone treats its Store Managers as exempt, even though they, like Plaintiffs, do work that is primarily non-managerial and even though they, like Plaintiffs, are closely supervised and have minimal discretion in the operation of "their" stores. These Store Managers are similarly situated to Plaintiffs, and their exempt or non-exempt status can and should be addressed in a collective action under FLSA.

36. At all times material to this action, AutoZone was an enterprise engaged in commerce or in the production of goods for commerce as defined by § 203(s)(1) of the FLSA.

37. At all times relevant to this action, AutoZone was an "employer" of Plaintiffs as defined by § 203(d) of the FLSA.

38. At all times material to this action, Plaintiffs and those similarly situated are and/or were "employees" of AutoZone as defined by § 203(e)(1) of the FLSA, and

worked for AutoZone within the territory of the United States or Puerto Rico within three years preceding the filing of this lawsuit.

39. The provisions set forth in §§ 206 and 207, respectively, of the FLSA apply to AutoZone, Plaintiffs and all similarly situated employees who were covered by §§ 206 and 207 of the FLSA while they were employed by AutoZone.

40. At all times relevant to this action, AutoZone employed Plaintiffs and those similarly situated in what it called the capacity of a managerial employee.

41. At all times relevant to this action, Plaintiffs and those similarly situated managerial employees were required to perform both managerial and non-managerial duties without overtime compensation.

42. AutoZone has intentionally failed and/or refused to pay Plaintiffs and other similarly situated employees according to the provisions of the FLSA.

43. The systems, practices, and required duties expected of Plaintiffs at AutoZone have existed for at least three years. Upon information and belief, his was not an isolated instance, but those systems, practices, and required duties were widespread among AutoZone's locations.

44. For at least three years, AutoZone has been aware of the requirements of the FLSA and its corresponding regulations. Despite this knowledge, AutoZone has failed to pay its employees the amount of pay the FLSA requires.

45. AutoZone has intentionally and repeatedly misrepresented the true nature of managerial compensation to its employees, thereby failing to disclose and consciously concealing their entitlement to overtime compensation. Upon information

and belief, those actions were taken in order to avoid any questions by employees regarding their entitlement to fair compensation for their work. Plaintiffs, as well as other similarly situated present and former employees, relied upon these misrepresentations by AutoZone. As a direct and proximate result, he and others were unable to determine their true status under the FLSA by the exercise of reasonable diligence.

46. As a result of the actions of AutoZone in fraudulently concealing the true status of its employees under the FLSA, the applicable statute of limitations, 29 U.S.C. § 255(a), is tolled for long as AutoZone engaged or engages in the fraudulent and misleading conduct set forth above, which is a period of at least ten (10) years. Defendant is estopped from raising such statute of limitations as a bar.

47. There are numerous other similarly situated employees and former employees of AutoZone who have been improperly compensated in violation of the FLSA and who would benefit from the issuance of Court-Supervised Notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to AutoZone and are readily identifiable and locatable through its records. All employees and former employees who have been employed by AutoZone as "Store Managers," but were not actually performing duties that qualified them to be exempt from the FLSA's requirement of overtime pay for work in excess of 40 hours a week, would benefit from Court-Supervised Notice and the opportunity to join the present lawsuit and should be so notified. As of August 29, 2009, AutoZone operated approximately 3,782 auto parts stores in the United States and Puerto Rico

(not including California) which indicates that at least 3,782 store managers across the Country are similarly situated to Plaintiffs and to Mike Taylor.

48. AutoZone has engaged in a widespread pattern and practice of violating the provisions of FLSA by failing to pay Plaintiffs and other similarly situated employees and former employees in accordance with § 207 of the FLSA.

49. As a direct and proximate result of AutoZone's violations of the FLSA, Plaintiffs, as well as all others similarly situated, have suffered damages by failing to receive the compensation to which they were entitled pursuant to § 207 of the FLSA.

50. In addition to the amount of unpaid wages and benefits owing to Plaintiffs and all those similarly situated, they are also entitled to recover an equal amount in addition to those damages as liquidated damages pursuant to 29 U.S.C. § 216(b). They are also entitled to prejudgment interest on their damages.

51. AutoZone's actions in failing to compensate Plaintiffs, as well as other similarly situated employees and former employees, in violation of the FLSA, were willful, as shown by its paying employees in similar positions with similar duties, and similar titles as "Store Managers" as non-exempt employees in California.

52. AutoZone has not made a good faith effort to comply with the FLSA.

53. Plaintiffs and those similarly situated are entitled to an award of attorneys' fees pursuant to 29 U.S.C. § 216(b).

**WHEREFORE**, Plaintiffs, individually and on behalf of all other similarly situated persons, pursuant to § 216(b) of the FLSA, pray for the following relief:

1. At the earliest possible time, they be allowed to give notice, or that the Court issue such Notice, to all AutoZone Store Managers in all locations within the United States and Puerto Rico during the three years immediately preceding the filing of this suit, to all other potential plaintiffs who may be similarly situated informing them that this action has been filed, the nature of the action, and of their right to opt-into this lawsuit if they worked overtime but were not paid managerial compensation and benefits pursuant to 29 U.S.C. § 216(b);

2. That all such Plaintiffs be awarded damages in the amount of their respective unpaid compensation and benefits, plus an equal amount of liquidated damages pursuant to 29 U.S.C. § 216(b), and/or prejudgment interest;

3. That all such Plaintiffs' reasonable attorneys' fees, including the costs and expenses of this action be reimbursed by AutoZone; and

4. For such other legal and equitable relief including, but not limited to, any injunctive and/or declaratory relief, to which they may be entitled.

5. Plaintiff further demands a jury to try the issues when joined.

DATED this 26th day of August 2010.

                                              KELLER ROHRBACK L.L.P.


                                              By    /s/ T. David Copley
                                                      1201 Third Avenue, Suite 3200
                                                      Seattle, Washington  98101
                                                      (206) 623-1900

>Mark D. Samson
>KELLER ROHRBACK, P.L.C.
>3101 N. Central Avenue, Suite 1400
>Phoenix, Arizona  85012
>(602) 248-2822
>
>*Attorneys for Plaintiffs*

## CERTIFICATION

I hereby certify that on August 26th, 2010, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing.

>/s/ Linda Vandiver

Mark D. Samson, SBN 011076
KELLER ROHRBACK, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012-2600
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
msamson@krplc.com

T. David Copley, SBN 009952
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dcopley@kellerrohrback.com

*Attorneys for Plaintiffs*

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**

| | |
|---|---|
| DILAWAR KHAN, VOLENA GLOVER-HALE, and MANUEL MONTOYA, on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTOZONERS, LLC, a Nevada Limited Liability Corporation, and AUTOZONE, INC., a Nevada Corporation,<br><br>Defendants. | Case No.<br><br>**CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)** |

I worked for AutoZone, Inc. at some point after July 16, 2007 as a store manager.

I choose to participate in the FLSA collective action entitled *Dilawar Khan, et al. v. AutoZoners, LLC et al.*, to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

- 1 -

I choose to be represented by the named plaintiff and counsel (Keller Rohrback L.L.P.) in this action.

Print Name: *Dilawar Khan*

Signature: *[signature]*

Date Signed: *8-16-10*

Mark D. Samson, SBN 011076
KELLER ROHRBACK, P.L.C.
3101 North Central Avenue, Suite 1400
Phoenix, Arizona 85012-2600
Telephone: (602) 248-0088
Facsimile: (602) 248-2822
msamson@krplc.com

T. David Copley, SBN 009952
KELLER ROHRBACK L.L.P.
1201 Third Avenue, Suite 3200
Seattle, Washington 98101
Telephone: (206) 623-1900
Facsimile: (206) 623-3384
dcopley@kellerrohrback.com

*Attorneys for Plaintiffs*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF ARIZONA

| | |
|---|---|
| DILAWAR KHAN, VOLENA GLOVER-HALE, and MANUEL MONTOYA, on behalf of themselves and other persons similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AUTOZONERS, LLC, a Nevada Limited Liability Corporation, and AUTOZONE, INC., a Nevada Corporation,<br><br>Defendants. | Case No.<br><br>**CONSENT TO SUE UNDER THE FAIR LABOR STANDARDS ACT (FLSA)** |

I worked for AutoZone, Inc. at some point after July 16, 2007 as a store manager.

I choose to participate in the FLSA collective action entitled *Dilawar Khan, et al. v. AutoZoners, LLC et al.*, to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

- 1 -

I choose to be represented by the named plaintiff and counsel (Keller Rohrback L.L.P.) in this action.

Print Name: _Volena Glover-Hale_

Signature: _[signature]_

Date Signed: _8/19/10_

## CONSENT TO SUE UNDER THE
## FAIR LABOR STANDARDS ACT (FLSA)

I worked for AutoZone, Inc. at some point after July 16, 2007 as a store manager.

I choose to participate in a FLSA collective action against AutoZone, Inc. and/or AutoZoners, LLC to recover unpaid overtime pay under the federal Fair Labor Standards Act ("FLSA"), 29 U.S.C. §216(b), and other relief under state and federal law.

I choose to be represented by myself, Mike Taylor, or such other named plaintiffs as the Court may select as appropriate, and also by counsel (Keller Rohrback L.L.P.) in this action.

Print Name: _Manuel S. Montoya_

Signature: _[signature]_

Date Signed: _8-21-10_